# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-0195-004-CVE |
| | ) | |
| STEVEN FISHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant Steven Fishman's Objections to Opinion and Order of Magistrate (Dkt. # 185) and Renewed Motion to Take Rule 15 Deposition and Brief in Support (Dkt. # 192). Defendant requests leave to depose Patrick Henriette, a French citizen, under Fed. R. Crim. P. 15, because Henriette will not agree not to travel to the United States to testify at trial and Henriette's testimony is material to the defenses that defendant will raise at trial.

On November 30, 2007, the grand jury returned a sealed indictment charging defendant with conspiracy to commit mail fraud under 18 U.S.C. § 1349 and conspiracy to launder money under 18 U.S.C. § 1956(h). Dkt. # 2. The indictment was unsealed on August 21, 2008 and defendant made his initial appearance on September 11, 2008. The indictment alleges that defendant and others "falsely represented to investors that various person in Europe, whose names are known to the Grand Jury, were diligently working to place [] historical bonds into a European bank trading program." Id. at 5. Defendant or his co-conspirators allegedly represented to investors that they possessed bonds that could be used to obtain a line of credit from European banks, and the line of credit would be used to buy leveraged investments with a guaranteed return for investors. One of the bonds referenced in the indictments is a historical bond issued by the Galveston, Houston &

Henderson Railroad in the 1850s.  Defendant and others allegedly transported documents to an "associate" in Poissy, France on at least 5 occasions in furtherance of their scheme to defraud investors.  Id. at 8.  Defendant asserts that the unnamed associate in Poissy, France is Henriette.

Defendant's attorney contacted Henriette and Henriette indicated that he would cooperate with defense counsel.  However, Henriette refused to voluntarily travel to the United States to testify should this case proceed to trial.  He initially provided an unsigned affidavit to defense counsel generally describing his possible testimony if he were deposed.  Henriette stated that he and defendant "formed a portfolio management relationship for the purpose of attempting to negotiate railroad bonds . . . which [defendant] had inherited from his grandfather."  Dkt. # 142, Ex. 1, at 1.  Henriette believes that the railroad bonds have value because they are backed by Amtrak and the United States.  Id.  Henriette was clear that he would not agree to travel to the United States, but he would give sworn testimony by submitting to a deposition at the office of his attorney in Paris, France.  Id. at 2.

Defendant filed a motion to take a deposition of Henriette in Paris under Rule 15.  Dkt. # 142.  The motion was referred to Magistrate Judge Frank H. McCarthy, and a hearing was held on March 2, 2009.  The United States argued that defendant had not shown that Henriette's testimony was material and it had concerns about the arrangements for the proposed deposition.  Dkt. # 152.  The magistrate judge expressed his concerns about the lack of detail in Henriette's unsigned affidavit, the vague arrangements for taking the deposition, and restrictions under French law on taking deposition of French citizens that might render the deposition inadmissible at trial.  He ordered the parties to conduct a joint telephone conference with Henriette by March 10, 2009.  Dkt. # 157.  Defendant submitted a supplement (Dkt. # 164) to his motion notifying the magistrate judge

2

that a joint telephone conference could not be scheduled before March 10, 2009, but Henriette was still willing to proceed with a deposition.  On March 11, 2009, the magistrate judge held a telephonic hearing with the parties and renewed his concerns about the materiality of Henriette's testimony, the lack of specificity of the time and date of the proposed deposition, and potential barriers to the deposition under French law.  He set another hearing on March 23, 2009 to give the parties time to conduct a joint telephone conference with Henriette and address the magistrate judge's concerns about the proposed deposition.   By March 23, 2009, defendant had not been able to arrange a joint telephone conference with Henriette.  On March 24, 2009, defendant filed a second supplement to his motion and stated that Henriette agreed to travel to London, England to give a deposition as long as he had at least two weeks notice of the time and date.

On March 25, 2009, the magistrate judge issued an opinion and order (Dkt. # 178) denying defendant's motion to take a Rule 15 deposition of Henriette.  He noted that defendant had not scheduled a joint telephone conference with Henriette and the United States to expand upon the summary statements in Henriette's unsigned affidavit, and no firm proposal of a time and date for Henriette's deposition had been provided.  Dkt. # 178, at 7.   The magistrate judge also stated that defendant had not addressed his concerns that the proposed deposition was not authorized under French law and may not be admissible at trial.  Id.  He found that defendant had not presented sufficient information to show that the proposed deposition would result in material and admissible evidence and denied the motion on that basis.

Defendant filed an objection to the magistrate judge's opinion and order (Dkt. # 185) and, on April 10, 2009, separately renewed his motion to take a Rule 15 deposition of Henriette (Dkt. # 192) based on new information.  Henriette has agreed to travel to London, England and give a video

3

deposition at the Admiral's Club at Heathrow Airport at 1:00 p.m. on May 1, 2009. Dkt. # 192, at 1. Defense counsel states that he has made preliminary arrangements with a court reporting service in London to provide a certified stenographer and videographer for the deposition, as well as a notary public to administer an oath to Henriette. The Court set this matter for an expedited hearing on April 13, 2009 at 11:00 a.m. At the hearing, defense counsel confirmed that Henriette agreed to appear for a deposition in London on May 1, 2009. The Court questioned whether an interpreter for the deposition was necessary, because Henriette communicated to defendant and his attorney in English and his written affidavit was also in English. Conducting the deposition in English would ensure that the jury received an accurate perception of defendant's communications with Henriette. Defense counsel agreed that the deposition should be taken in English and an interpreter was unnecessary. The government argued that defendant had not made a sufficient showing that Henriette's testimony was material, and asked the Court to deny defendant's motion.

Rule 15 states that a party "may move that a prospective witness be deposed in order to preserve testimony for trial" and the Court may grant the motion "because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). A deposition in a criminal case is not a routine discovery tool. United States v. Edwards, 69 F.3d 419, 437 (10th Cir. 1995). A party requesting leave to take a Rule 15 deposition must show that "(1) the witness' testimony [is] material; (2) the witness [is] unavailable to testify; and (3) taking the deposition [is] necessary to prevent a failure of justice." United States v. Fuentes-Galindo, 929 F.2d 1507, 1509 (10th Cir. 1991). The district court must exercise its discretion to determine that exceptional circumstances are present before authorizing a deposition under Rule 15. Edwards, 69 F.3d at 437.

4

The Court finds that defendant's renewed motion to take a Rule 15 deposition of Henriette should be granted, subject to the condition that plaintiff will be given time to determine if any legal impediment exists to the proposed deposition.  The parties do not dispute that Henriette is unavailable and defendant has shown that Henriette's testimony is relevant and material.  The allegations of the indictment establish that part of the government's case against defendant is based on allegedly false representations about the validity of the historical bonds and defendant's statements that the bonds could be placed with European banks as collateral for a line of credit.  Dkt. # 2, at 5.  Henriette's proposed testimony might rebut the government's charges that defendant made false representations to investors concerning the viability of the bonds and defendant's plan to place the bonds with European banks.  If Henriette believed that the bonds were legitimate and could be used as collateral with European banks, defendant should be permitted to discover this evidence and preserve it for trial.  At the hearing, defense counsel stated that he was not aware of any legal impediment that would prevent defendant from taking Henriette's deposition in England and using the deposition testimony at trial.  It does not appear that the impediments noted by the magistrate judge under French law impact Henriette's ability to give a deposition in London.  Counsel for defendant has made arrangements for a specific time and date and has also contacted a court reporting service about providing a stenographer and videographer.  To be clear, the Court is granting defendant's renewed motion based on evidence that was not available to the magistrate judge, and defendant's objection to the magistrate judge's opinion and order is moot.  Due to the limited notice given to plaintiff of this hearing, the Court will give plaintiff time to file a notice of any legal impediment that may exist to defendant's proposed deposition of Henriette.

**IT IS THEREFORE ORDERED** that defendant Steven Fishman's Objections to Opinion and Order of Magistrate (Dkt. # 185) is **moot**, and Renewed Motion to Take Rule 15 Deposition and Brief in Support (Dkt. # 192) is **granted**.  Pursuant to Fed. R. Crim P. 15, defendant is conditionally authorized to depose Patrick Henriette at the Admiral's Club in Heathrow Airport, London, England at 1:00 p.m. on May 1, 2009.  The government must file a notice **no later than April 21, 2009** identifying any legal impediment, or the lack thereof, to taking the proposed deposition of Henriette.

**DATED** this 13th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT