UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-0195-004-CVE |
| | ) (16-CV-0416-CVE-FHM) |
| STEVEN FISHMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Notice of Motion and Motion to Dismiss Count 2 pursuant to Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) and Federal Rules of Criminal Procedure 12(b)(2) & 12(b)(3) (Dkt. # 550). Defendant argues that his conviction for conspiracy to commit money laundering should be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague.

On November 30, 2007, a grand jury returned an indictment charging defendant and three others with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two).[1] Defendant made his initial appearance on September 11, 2008 and counsel was appointed to represent him. Defense counsel filed numerous pretrial motions on behalf of defendant, including a motion to dismiss count two of the indictment on the ground that the statute of limitations had expired. See Dkt. # 89. Defendant's motion to dismiss count two was denied.

---

[1] A superseding and second superseding indictment were later returned by a grand jury, but no additional defendants or charges were added in the subsequent indictments. Dkt. ## 196, 239.

Dkt. # 138, at 6-7.  Defendant exercised his right to a jury trial and he was convicted of both counts. Dkt. # 288.  A presentence investigation report (PSR) was prepared and defendant's advisory guideline range as to imprisonment was 262 to 327 months.  Defendant's advisory guideline range was not increased under the career offender provision of the United States Sentencing Guidelines (USSG).  On October 23, 2009, defendant was sentenced to 262 months imprisonment, and the judgment and commitment was filed on October 29, 2009.  Defendant filed a direct appeal challenging his convictions and sentence, and his convictions and sentence were affirmed.  Dkt. # 462.  Defendant filed a petition for writ of certiorari, and defendant's convictions became final when his petition for writ of certiorari was denied on January 9, 2012.  Dkt. # 469.

Defendant filed a motion to dismiss the indictment (Dkt. # 477) and a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 478).  The Court entered an order (Dkt. # 481) advising defendant that his motions would be recharacterized as motions for relief under § 2255, and defendant could withdraw his motions and file an amended § 2255 motion asserting all of his claims. Defendant filed an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 491).  The Court denied defendant's § 2255 motion,  and this Court and the Tenth Circuit Court of Appeals denied his request for a certificate of appealability.  Dkt. ## 538, 541, 547.

Defendant has now filed a motion to dismiss count two of the indictment on the ground that 18 U.S.C. § 1956 is unconstitutional in light of Johnson.  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in [§ 2255]."  Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)   In a criminal case in federal court, subject matter jurisdiction comes from 18 U.S.C. § 3231 and that is "the beginning and the end of the 'jurisdictional' inquiry."  United States v. Tony, 637 F.3d 1153 (10th Cir. 2011).  A

challenge to the constitutionality of a criminal statute is not a challenge to the court's subject matter jurisdiction, and such claims must be raised in a § 2255 motion. See United States v. De Vaughn, 694 F.3rd 1141, 1153-54 (10th Cir. 2012).

The Court finds that defendant's motion should be treated as a second or successive § 2255 motion, because he is challenging the constitutionality of the statute underlying his conviction for conspiracy to commit money laundering (count two). This is not a jurisdictional inquiry and the exclusive means of testing the validity of his conviction is by filing a § 2255 motion. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249,

1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 550) is not transferred to the Tenth Circuit. Defendant's motion is premised on Johnson, which was decided after defendant's conviction became final, but he has not shown that there is any possibility that Johnson has any applicability to this case. In Johnson, the Supreme Court found that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. The Supreme Court subsequently determined that Johnson is retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Defendant was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), not being a felon in possession of a firearm, and Johnson is not directly applicable to this case. In addition, defendant's sentence was not enhanced under the career offender provision of the USSG and he has no standing to challenge Johnson's applicability to the career offender provision. Defendant argues

that the term "specified unlawful activity" as defined in the statute of conviction for count two includes "an offense against a foreign nation involving . . . a crime of violence . . . ", 18 U.S.C. § 1956(c)(7)(B), and he claims that sentencing guideline provision used to calculate his sentence also references the term "crime of violence." Dkt. # 550, at 6-7. Defendant contends that term "crime of violence" as used in § 1956(c)(7)(B) is unconstitutionally vague in light of Johnson. However, the second superseding indictment did not charge defendant with engaging in the specified unlawful activity of a "crime of violence;" he was accused of engaging in mail and wire fraud. This is a separate type of specified unlawful activity from the language cited by defendant, and there is no possible theory under which Johnson could affect the validity of defendant's conviction. Thus, there is no reason to transfer defendant's motion to the Tenth Circuit and his motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Notice of Motion and Motion to Dismiss Count 2 pursuant to Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) and Federal Rules of Criminal Procedure 12(b)(2) & 12(b)(3) (Dkt. # 550) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 7th day of July, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5