UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-0195-004-CVE |
| ) | (16-CV-0416-CVE-FHM) |
| STEVEN FISHMAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Notice of Motion for Reconsideration and Motion for Reconsideration on the Court's Denial of Petitioner's Motion to Dismiss Count Two pursuant to Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) under Federal Rule of Civil Procedure 59(e) (Dkt. # 558). Defendant asks the Court to reconsider its opinion and order (Dkt. # 555) dismissing for lack of jurisdiction his motion to dismiss his conviction for conspiracy to commit money laundering.

On November 30, 2007, a grand jury returned an indictment charging defendant and three others with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two).[1] Defendant made his initial appearance on September 11, 2008 and counsel was appointed to represent him. Defense counsel filed numerous pretrial motions on behalf of defendant, including a motion to dismiss count two of the indictment on the ground that the statute of limitations had expired. See Dkt. # 89. Defendant's motion to dismiss count two was denied.

---

[1] A superseding and second superseding indictment were later returned by a grand jury, but no additional defendants or charges were added in the superseding or second superseding indictments. Dkt. ## 196, 239.

Dkt. # 138, at 6-7. Defendant exercised his right to a jury trial and he was convicted of both counts. Dkt. # 288. A presentence investigation report (PSR) was prepared and defendant's advisory guideline range as to imprisonment was 262 to 327 months. Defendant's advisory guideline range was not increased under the career offender provision of the United States Sentencing Guidelines (USSG). On October 23, 2009, defendant was sentenced to 262 months imprisonment, and the judgment and commitment was filed on October 29, 2009. Defendant filed a direct appeal challenging his convictions and sentence, and his convictions and sentence were affirmed. Dkt. # 462. Defendant filed a petition for writ of certiorari, and defendant's convictions became final when his petition for writ of certiorari was denied on January 9, 2012. Dkt. # 469.

Defendant filed a motion to dismiss the indictment (Dkt. # 477) and a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 478). The Court entered an order (Dkt. # 481) advising defendant that his motions would be recharacterized as motions for relief under § 2255, and defendant could withdraw his motions and file an amended § 2255 motion asserting all of his claims. Defendant filed an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 491). The Court denied defendant's § 2255 motion, and this Court and the Tenth Circuit Court of Appeals denied his request for a certificate of appealability. Dkt. ## 538, 541, 547. Following the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), defendant filed a motion to dismiss (Dkt. # 550) asserting a vagueness challenge to his conviction for conspiracy to commit money laundering, and the Court converted the motion to dismiss into a § 2255 motion. Dkt. # 551. Defendant had not requested permission from the Tenth Circuit to file a second or successive § 2255 motion asserting a <u>Johnson</u> claim, and the Court dismissed defendant's motion for lack of jurisdiction and declined to transfer the motion to Tenth Circuit.

Defendant asks the Court to reconsider its decision to dismiss his motion (Dkt. # 550), and he requests that the Court grant his motion or transfer the motion to the Tenth Circuit. Dkt. # 558, at 10. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court finds that defendant's motion to reconsider (Dkt. # 558) should be treated as a second or successive § 2255 motion. He does not raise any argument concerning the procedural integrity of the proceedings, and he simply argues that the Court reached the wrong conclusion when

3

it found that Johnson was inapplicable to this case. He acknowledges that he was not sentenced under the Armed Career Criminal Act, 18 U.S.C.§ 924(e) (ACCA), and he states that Johnson is not "directly" applicable to this case, but he claims that the "logic" of Johnson supports his argument that the statute underlying his conviction for conspiracy to commit money laundering is void for vagueness. Dkt. # 558, at 3. This is a substantive argument that the Court has already considered, and the Court declined to transfer defendant's previous motion (Dkt. # 550) to the Tenth Circuit. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Nelson, 465 F.3d at 1148; Torres, 282 F.3d at 1246. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion to reconsider (Dkt. # 558) is not transferred to the Tenth Circuit. Defendant can litigate any claims he might have by requesting a COA as to his original motion (Dkt. # 550) and it not necessary for the Court to transfer his motion to reconsider to the Tenth Circuit. Defendant's motion to reconsider merely renews arguments that have already been rejected as meritless, and there is no risk that a meritorious claim will be lost absent a transfer of this motion (Dkt. # 558). Defendant's motion is premised on Johnson, which was decided after defendant's conviction became final, but he has not shown that there is any possibility that Johnson has any applicability to this case. In Johnson, the Supreme Court found that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. Johnson does not authorize courts to consider any constitutional vagueness argument on collateral review, and the Court finds that it would be unlikely that the Tenth Circuit would grant defendant leave to proceed with a second or successive § 2255 to challenge a conviction for conspiracy to launder money based on the "logic" of Johnson. See United States v.

5

Jefferson, 2016 WL 3523849 (S.D. Ohio June 28, 2016) ("The *Johnson* decision does not make timely any claim of constitutional vagueness in a federal criminal statute filed within one year of *Johnson*."). Thus, there is no reason to transfer defendant's motion to reconsider (Dkt. # 558) to the Tenth Circuit and his motion to reconsider should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Notice of Motion for Reconsideration and Motion for Reconsideration on the Court's Denial of Petitioner's Motion to Dismiss Count Two pursuant to Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) under Federal Rule of Civil Procedure 59(e) (Dkt. # 558) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 2nd day of September, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE