UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CR-0195-004-CVE |
| | ) |
| STEVEN FISHMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Relief from a Judgment or Order Due to a Disparity in Sentencing Between Defendant Fishman and Co-Defendant Thornburgh Pursuant to Federal Rule of Civil Procedure 60(b)(1)(6) (Dkt. # 572). Defendant argues that his co-defendant, Joseph Lynn Thornburgh, has been set for re-sentencing, and defendant asks that he also be re-sentenced to avoid a sentencing disparity between similarly-situated defendants.

On November 30, 2007, a grand jury returned an indictment (Dkt. # 2) charging defendant and three others with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two).[1] Defendant made his initial appearance on September 11, 2008 and counsel was appointed to represent him. Defendant exercised his right to a jury trial and he was convicted of both counts. Dkt. # 288. A presentence investigation report (PSR) was prepared and defendant's advisory guideline range as to imprisonment was 262 to 327 months. On October 23, 2009, defendant was sentenced to 262 months imprisonment, and the judgment and

---

[1] A superseding and second superseding indictment were later returned by a grand jury, but no additional defendants or charges were added in the subsequent indictments. Dkt. ## 196, 239.

commitment was filed on October 29, 2009. Defendant filed a direct appeal challenging his convictions and sentence, and his convictions and sentence were affirmed. Dkt. # 462. Defendant filed a petition for writ of certiorari, and defendant's convictions became final when his petition for writ of certiorari was denied on January 9, 2012. Dkt. # 469.

Defendant filed a motion to dismiss the indictment (Dkt. # 477) and a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 478). The Court entered an order (Dkt. # 481) advising defendant that his motions would be recharacterized as motions for relief under § 2255, and defendant could withdraw his motions and file an amended § 2255 motion asserting all of his claims. Defendant filed an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 491). The Court denied defendant's § 2255 motion, and this Court and the Tenth Circuit Court of Appeals denied his request for a certificate of appealability. Dkt. ## 538, 541, 547. Defendant filed a motion (Dkt. # 550) seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court dismissed his motion for lack of jurisdiction. Dkt. # 555. Defendant sought permission from the Tenth Circuit to proceed with a second or successive § 2255 motion, and his request was denied. Dkt. # 570. On January 13, 2017, the Court granted a co-defendant's § 2255 motion. Dkt. # 562. The Court found that the co-defendant, Thornburgh, received ineffective assistance of counsel at his sentencing hearing when his attorney failed to raise an error in the calculation of Thornburgh's criminal history category, and the error affected Thornburgh's advisory guideline range. Thornburgh has been set for re-sentencing, but the Court rejected Thornburgh's challenges to his convictions. Dkt. # 562.

Defendant asks the Court to vacate his sentence based on the Court's decision to grant Thornburgh's § 2255 motion. Dkt. # 572. The Court finds that defendant's motion should be treated

as a second or successive § 2255 motion, because he is challenging the validity of his sentence and he has already filed a § 2255 motion that has been denied. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost

3

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 572) is not transferred to the Tenth Circuit. Defendant has not raised a constitutional challenge to the validity of his sentence, and there is no likelihood that the Tenth Circuit would allow defendant to proceed with a second or successive § 2255 motion. Instead, defendant claims that there will be an unfair disparity between his sentence and the sentence imposed at Thornburgh's resentencing hearing. The need to avoid unwarranted sentencing disparities is a factor that a district court must consider at the time of sentencing under 18 U.S.C. 3553(a), but this statute does not give district courts the authority to revisit a sentence that has already been imposed. The Court also notes that the issue that resulted in the granting of Thornburgh's § 2255 motion would not support a reduction of defendant's sentence. The Court found that Thornburgh received ineffective assistance of counsel at sentencing, because his attorney failed to object to the double-counting of a conviction for the purpose of determining Thornburgh's criminal history category. The Court has reviewed defendant's PSR and there is no possibility of a similar error in the calculation of defendant's criminal history category. There is no reason to transfer defendant's motion (Dkt. # 572) to the Tenth Circuit and his motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief from a Judgment or Order Due to a Disparity in Sentencing Between Defendant Fishman and Co-Defendant Thornburgh

Pursuant to Federal Rule of Civil Procedure 60(b)(1)(6) (Dkt. # 572) is **dismissed for lack of jurisdiction**.  A separate judgment of dismissal is entered herewith.

**DATED** this 28th day of March, 2017.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE