## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 07-CR-0195-004-CVE** |
| ) | |
| **STEVEN FISHMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is the Petition and Demand of Petitioner Steven Fishman for Declaratory Judgment and Judicial Determination with Regard to Questions of Law, pursuant to 28 U.S.C. § 2201, with Regard to Seeking Remedy and Relief under 42 U.S.C. § 1983, et seq. (Dkt. # 602) and Petitioner Steven Fishman's Motion for Speedy Hearing on his Petition and Demand for Declaratory Judgment under 28 U.S.C. § 2201, pursuant to Federal Rule of Civil Procedure 57 (Dkt. # 603). Defendant Steven Fishman asks the Court to answer a series of questions that concern the power of the federal courts to exercise jurisdiction over criminal matters, and it appears that he is asking this Court to enter a declaratory judgment that federal courts have authority to exercise criminal jurisdiction over "federal enclaves" only. Dkt. # 602, at 2-4. However, the Court finds that defendant has failed to show that the Court has jurisdiction over his motion.

On November 30, 2007, a grand jury returned an indictment (Dkt. # 2) charging defendant and three others with conspiracy to commit mail and wire fraud (count one) and conspiracy to

commit money laundering (count two).[1] Defendant made his initial appearance on September 11, 2008 and counsel was appointed to represent him. Defendant exercised his right to a jury trial and he was convicted of both counts. Dkt. # 288. A presentence investigation report (PSR) was prepared and defendant's advisory guideline range as to imprisonment was 262 to 327 months. On October 23, 2009, defendant was sentenced to 262 months imprisonment, and the judgment and commitment was filed on October 29, 2009. Defendant filed a direct appeal challenging his convictions and sentence, and his convictions and sentence were affirmed. Dkt. # 462. Defendant filed a petition for writ of certiorari, and defendant's convictions became final when his petition for writ of certiorari was denied on January 9, 2012. Dkt. # 469.

Defendant filed a motion to dismiss the indictment (Dkt. # 477) and a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 478). The Court entered an order (Dkt. # 481) advising defendant that his motions would be recharacterized as motions for relief under § 2255, and defendant could withdraw his motions and file an amended § 2255 motion asserting all of his claims. Defendant filed an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 491). The Court denied defendant's § 2255 motion, and this Court and the Tenth Circuit Court of Appeals denied his request for a certificate of appealability. Dkt. ## 538, 541, 547. Defendant filed a motion (Dkt. # 550) seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court dismissed his motion for lack of jurisdiction. Dkt. # 555. Defendant sought permission from the Tenth Circuit to proceed with a second or successive § 2255 motion, and his request was denied. Dkt. # 570. Defendant filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) based on

---

[1]     A superseding and second superseding indictment were later returned by a grand jury, but no additional defendants or charges were added in the subsequent indictments. Dkt. ## 196, 239.

the Court's decision to grant a co-defendant's § 2255 motion, and he claimed that an unwarranted sentencing disparity would result if the Court did not also re-sentence defendant. Dkt. # 570. The Court dismissed the Rule 60(b) motion as a second or successive § 2255 motion, and that decision was affirmed by the Tenth Circuit. Dkt. ## 574, 599.

Defendant has filed a petition for entry of declaratory judgment on 19 points of law, and it appears that defendant believes that resolving these legal issues in favor of defendant would result in a conclusion that the Court lacked jurisdiction over his criminal case. Defendant could also be seeking relief under 42 U.S.C. § 1983 and he may be asking for monetary damages.[2] Dkt. # 602, at 4-5. Defendant has cited no authority that the Court can enter a declaratory judgment in a criminal case, and there is nothing in the language of 28 U.S.C. § 2201 suggesting that it applies in criminal cases. Even if § 2201 does apply in criminal cases, defendant's motion merely presents a series of general questions about the power of the federal government and the federal courts, and he makes no attempt to show that there is an actual controversy for which there is an immediate need to enter a declaratory judgment. See Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1241 (10th Cir. 2008). Thus, the Court would lack subject matter jurisdiction over defendant's motion even if it is assumed that a federal district court could grant declaratory relief in a criminal case.

It is more likely that defendant has posed a series of questions challenging the jurisdiction of this Court for the purpose of seeking his release from prison, and the Court will treat his motion as a request to dismiss his criminal case on jurisdictional grounds. The law is clearly established that "the exclusive remedy for testing the validity of a judgment or sentence . . . is that provided for

---

[2]      Defendant is advised that he must file a separate civil lawsuit if he intends to seek monetary damages under § 1983.

in 28 U.S.C. § 2255." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Defendant has already filed a § 2255 motion that has been denied, and he subsequently attempted to circumvent the restrictions on filing a second or successive § 2255 motion. The Court finds that defendant's motion (Dkt. # 602) should be treated as a second or successive § 2255 motion, because he is challenging the validity of his convictions and sentence and he has already filed a § 2255 motion that has been denied. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

(1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 602) is not transferred to the Tenth Circuit. Challenges to the district court's jurisdiction in a criminal case are not exempt from the restrictions applicable to second or successive § 2255 motions, and a claim that the district court lacks jurisdiction over a criminal case must be included in an original and timely § 2255 motion. United States v. Bly, 554 F. App'x 746, 749 (10th Cir. Feb. 7, 2014); United States v. Card, 534 F. App'x 765, 767 (10th Cir. Aug. 20, 2013).[3] Defendant has already filed a § 2255 motion that has been denied, and he has made no attempt to show that his motion (Dkt. # 602) meets the requirements of § 2255(h) for filing a second or successive § 2255 motion. There is no reason to transfer defendant's motion (Dkt. # 602) to the Tenth Circuit and his motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the Petition and Demand of Petitioner Steven Fishman for Declaratory Judgment and Judicial Determination with Regard to Questions of Law,

---

[3]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 2201, with Regard to Seeking Remedy and Relief under 42 U.S.C. § 1983, et seq. (Dkt. # 602) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Petitioner Steven Fishman's Motion for Speedy Hearing on his Petition and Demand for Declaratory Judgment under 28 U.S.C. § 2201, pursuant to Federal Rule of Civil Procedure 57 (Dkt. # 603) is **moot**.

**DATED** this 10th day of August, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE