# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CR-0195-004-CVE ) |
| STEVEN FISHMAN, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Reconsideration Based on Errors of the District Court in its 8-10-2017 Judgment of Dismissal [Docket No. 606]; and Additional Remedy and Relief (Dkt. # 607) and defendant's renewed petition for a declaratory judgment (Dkt. # 610). Defendant asks the Court to reconsider its opinion and order (Dkt. # 605) dismissing his prior motion for a declaratory judgment (Dkt. # 602) and he has filed a renewed motion (Dkt. # 610) for a declaratory judgment that the Court lacks jurisdiction over the criminal charges against him.

On November 30, 2007, a grand jury returned an indictment (Dkt. # 2) charging defendant and three others with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two).[1] Defendant made his initial appearance on September 11, 2008 and counsel was appointed to represent him. Defendant exercised his right to a jury trial and he was convicted of both counts. Dkt. # 288. A presentence investigation report (PSR) was prepared and defendant's advisory guideline range as to imprisonment was 262 to 327 months. On

---

[1] A superseding and second superseding indictment were later returned by a grand jury, but no additional defendants or charges were added in the subsequent indictments. Dkt. ## 196, 239.

October 23, 2009, defendant was sentenced to 262 months imprisonment, and the judgment and commitment was filed on October 29, 2009. Defendant filed a direct appeal challenging his convictions and sentence, and his convictions and sentence were affirmed. Dkt. # 462. Defendant filed a petition for writ of certiorari, and defendant's convictions became final when his petition for writ of certiorari was denied on January 9, 2012. Dkt. # 469.

Defendant filed a motion to dismiss the indictment (Dkt. # 477) and a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 478). The Court entered an order (Dkt. # 481) advising defendant that his motions would be recharacterized as motions for relief under 28 U.S.C. § 2255, and that defendant could withdraw his motions and file an amended § 2255 motion asserting all of his claims. Defendant filed an amended motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 491). The Court denied defendant's § 2255 motion, and this Court and the Tenth Circuit Court of Appeals denied his request for a certificate of appealability. Dkt. ## 538, 541, 547. Defendant filed a motion (Dkt. # 550) seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court dismissed his motion for lack of jurisdiction. Dkt. # 555. Defendant sought permission from the Tenth Circuit to proceed with a second or successive § 2255 motion, and his request was denied. Dkt. # 570. Defendant filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) based on the Court's decision to grant a co-defendant's § 2255 motion, and he claimed that an unwarranted sentencing disparity would result if the Court did not also re-sentence defendant. Dkt. # 570. The Court dismissed the Rule 60(b) motion as a second or successive § 2255 motion, and that decision was affirmed by the Tenth Circuit. Dkt. ## 574, 599. Defendant filed a motion for declaratory judgment (Dkt. # 602) asking the Court to consider a series of questions about subject matter jurisdiction in federal criminal cases. The Court found that the motion was

subject to the requirements for filing a second or successive § 2255 motion and dismissed the motion for lack of subject matter jurisdiction. Dkt. # 605.

Defendant asks the Court to reconsider its opinion and order (Dkt. # 605) dismissing his motion (Dkt. # 602) for a declaratory judgment. Dkt. # 607. Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court finds that defendant's motion to reconsider (Dkt. # 607) should be treated as a second or successive § 2255 motion. Defendant is not arguing that there was a defect in the integrity of the proceedings but, instead, he asserts that the Court reached the wrong conclusion when it dismissed his motion (Dkt. # 602) for lack of subject matter jurisdiction. Defendant's motion to reconsider (Dkt. # 602) should be treated as a second or successive § 2255 motion. The Court also finds that defendant's renewed motion for a declaratory judgment (Dkt. # 610) should be treated as a second or successive § 2255 motion. It is clear from defendant's renewed motion for a declaratory judgment (Dkt. # 610) that he is asking the Court to vacate his convictions and sentence for lack of subject matter jurisdiction, and the exclusive remedy to collaterally attack the validity of a conviction or sentence in federal court is a § 2255 motion. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

This Court lacks jurisdiction to consider a second or successive § 2255 motion because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

4

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motions (Dkt. ## 607, 610) are not transferred to the Tenth Circuit. Challenges to the district court's jurisdiction in a criminal case are not exempt from the restrictions applicable to second or successive § 2255 motions, and a claim that the district court lacks jurisdiction over a criminal case must be included in an original and timely § 2255 motion. United States v. Bly, 554 F. App'x 746, 749 (10th Cir. Feb. 7, 2014); United States v. Card, 534 F. App'x

765, 767 (10th Cir. Aug. 20, 2013).² Defendant has already filed a § 2255 motion that has been denied, and he has made no attempt to show that his motions (Dkt. ## 607, 610) meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. There is no reason to transfer defendant's motions (Dkt. ## 607, 610) to the Tenth Circuit and his motions should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Reconsideration Based on Errors of the District Court in its 8-10-2017 Judgment of Dismissal [Docket No. 606]; and Additional Remedy and Relief (Dkt. # 607) and defendant's renewed petition for a declaratory judgment (Dkt. # 610) are **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 6th day of October, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

² Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.